UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THIRD DEGREE FILMS<br><br>    Plaintiff,<br><br>v.<br><br>DOES 1 – 80,<br><br>    Defendants. | CIVIL ACTION No.: 1:12-cv-10535 |

**OPPOSITION DOE NUMBER 24's MOTION TO QUASH**

On or about April 25, 2012, a Motion to Quash was submitted by Doe 24, claiming that the subpoena is from a wrong district and is thus invalid, that the request violates Doe's right to privacy, and that the subpoena places an undue burden upon Doe.

While the Plaintiff recognizes the concerns of Doe 24, they are without merit to sustain this motion to quash: (1) Doe 24 lacks standing to challenge the subpoena; (2) there is no recognized privacy interest in Doe's subscriber information, as doe already has conveyed such information to Comcast; (3) there is no procedural defect in the subpoena, and regardless of whether there is a defect, Doe 24 lacks standing to challenge the defect; and, (4) there is no undue burden. The Plaintiff respectfully asks the Court to reconsider and asks the Court not grant a motion to quash, here.

*1. Doe Number 24 Lacks Standing to Challenge the Subpoena.*

A party to a lawsuit lacks standing to object to a subpoena served on a non-party, unless the party objects to the subpoena on the grounds of privilege, proprietary interest or privacy interest in the subpoenaed matter. See Fed. R. Civ. P. 45(c)(3)(B). See also Robertson v. Cartinhour; 2010 U.S. District LEXIS 16058 (D. Md. 2010) (Day, MJ)

(unreported); West Coast Prods., Inc. v. Does 1 - 5829, 275 F.R.D. 9, 16 (D.D.C. 2011) (holding that procedural objections to subpoenas issued to the defendants' ISPs must be raised by the ISPs themselves, rather than the defendants); United States Bank Nat'l Ass'n v. James, 264 F.R.D. 17, 18-19 (D. Me. 2010) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." (citing Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo. 1997))).

The exception for claims of privilege does not apply here as the moving defendant has not asserted (nor could doe viably assert) any claim of privilege relating to the requested information. Internet subscribers do not have a proprietary interest or an expectation of privacy in their subscriber information because they have already conveyed such information to their Internet Service Providers (ISPs). See Guest v. Leis, 255 F. 3d 325 (6th Cir. 2001); United States v. Simons, 206 F.3d 392 (4th Cir., 2000); see also First Time Videos, LLC v. Does 1-500, No. 10 C 6254, 2011 WL 3498227, at *5 (N.D. Ill. Aug. 9, 2011) ("[i]nternet subscribers do not have a reasonable expectation of privacy in their subscriber information - including name, address, phone number, and email address - as they have already conveyed such information to theirs ISPs."); Third Degree Films, Inc. v. Does 1 - 2010, Civil No. 4:11 MC 2, 2011 WL 4759283, at *3 (N.D. Ind. Oct. 6, 2011) (citing First Time Videos, 2011 WL 3498227, at *4), (holding that because "[i]nternet subscribers share their information to set up their internet accounts," the subscribers "cannot proceed to assert a privacy interest over the same information they chose to disclose.")

The only information sought through the Subpoena at issue is the Doe defendant's contact information. This information has already been shared by the Doe Defendants with their respective ISPs.

Further, the Doe defendant exposed her IP address to the public by sharing the Motion Picture at issue. The torrent software exposes the IP address of the infringer, as explained in the Complaint and the *Declaration of Jon Nicolini*. Therefore, Doe Number 24 lacks standing.

**2. *There is no privacy interest in the contact information sought by the subpoena.***

As is relevant here, Rule 45(c)(3)(iii) provides that a court may quash a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed.R.Civ.P. 45(c)(3)(iii). Pursuant to Rule 45(d)(2), when subpoenaed information is withheld based on a claim of privilege, the claim of privilege must "describe the nature of the withheld [information] in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed.R.Civ.P. 45(d)(2).

Courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to their ISPs. See e.g., Liberty Media Holdings v. Swarm Sharing Hash File, 2011 U.S. Dist. LEXIS 125512 (D. Mass. 2011); Guest v. Leis, 255 F.3d 325, 335-36 (6th Cir.2001) ("Individuals generally lose a reasonable expectation of privacy in their information once they reveal it to third parties."); U.S. v. Hambrick, Civ. No. 99-4793, 2000 WL 1062039, at *4 (4th Cir. Aug. 3, 2000) (a person does not have a privacy interest in the account information given to the ISP in order to establish an email account); U.S. v. Kennedy, 81 F.Supp.2d 1103, 1110 (D.Kan.2000) (defendant's Fourth Amendment rights were not violated when an ISP turned over his subscriber information, as there is no expectation of privacy in information provided to third parties).

### *3. Doe lacks standing to raise procedural defects about the subpoena.*

Doe 24 further argues that the subpoena served on his ISP was not issued from the proper district court. The Court need not reach the merits of these arguments as the subpoenas at issue were served on the ISPs, not Doe 24. As such, Doe 24 lack standing to raise procedural objections. See e.g. Liberty Media Holdings v. Swarm Sharing Hash File, 2011 U.S. Dist. LEXIS 125512 (D. Mass. 2011); West Coast Prods., Inc. v. Does 1- 5829, 275 F.R.D. 9, 16 (D.D.C. 2011) (holding that procedural objections to subpoenas issued to the defendants' ISPs must be raised by the ISPs themselves, rather than the defendants); United States Bank Nat'l Ass'n v. James, 264 F.R.D. 17, 18-19 (D. Me. 2010) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." (citing Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo. 1997))).

The exception for claims of privilege does not apply here, as the moving defendant has not asserted (nor could doe viably assert) any claim of privilege relating to the requested information.

### *4. There is no undue burden.*

Doe 24 further argues that the subpoena places an undue burden on the defendants in violation of Federal Rule of Civil Procedure 45(c)(3)(A)(iv). Doe 24 argues that he is subjected to an undue burden in being the target of this action, an action in which Doe 24 asserts there is little likelihood that Plaintiff will be able to establish liability against her.

Doe 24's argument, however, misconstrues the protective reach of Federal Rule of Civil Procedure 45(c)(3)(A)(iv). Rule 45 protects those persons subject to a subpoena from any resulting undue burden or expense, Fed. R. Civ. P. 45(c)(3)(A)(iv), and imposes

sanctions on serving parties who fail to take the reasonable steps to avoid such a burden, Fed. R. Civ. P. 45(c)(1). The subpoenas at issue compel the various ISPs to produce subscriber information for the IP addresses of Does 1-45; this imposes no burden on either the moving defendant nor any of Does 1-45. See e.g. Liberty Media Holdings v. Swarm Sharing Hash File, 2011 U.S. Dist. LEXIS 125512 (D. Mass. 2011); United States Bank Nat'l Ass'n, 264 F.R.D. at 19 ("The defendant's argument based on 'undue burden' is also not an appropriate basis for granting a motion to quash a subpoena. In addition, the [third party's] production of [requested documents] imposes no burden on [the defendant] at all, let alone one that is undue.") (footnote omitted). Therefore, Doe 24's undue burden argument is unavailing.

### Conclusion

Based on the above-stated reasons, Plaintiff respectfully requests this Court to deny the Motion to Quash the Subpoena submitted by Doe Number 24.

Respectfully submitted on May 10, 2012,

        FOR THE PLAINTIFF:

        */s/ Marvin Cable*

        Marvin Cable, Esq.
        BBO#: 680968
        LAW OFFICES OF MARVIN CABLE
        P.O. Box 1630
        Northampton, MA 01061
        P: (413) 268-6500
        F: (413) 268-6500
        E: law@marvincable.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 10, 2012, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

                                                      Marvin Cable, Esq.