UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **THIRD DEGREE FILMS**<br><br>*Plaintiff,*<br><br>v.<br><br>**DOES 1 – 80,**<br><br>*Defendants.* | *Case No.*: **1:12-cv-10535-WGY** |

**PLAINTIFF'S OPPOSITION TO MOTION TO ENTER JUDGMENT PURSUANT TO FED. R. CIV. P. 58(D) AND TO DISMISS PURSUANT FED. R. CIV. P. 41(B)**

**INTRODUCTION**

This case arises out of Plaintiff's attempt to obtain redress for the harm it suffers from copyright piracy. Masses of Internet users, like the accused defendants in this case, have reproduced and distributed Plaintiff's motion picture without permission from the Plaintiff.[1]

In an effort to curb piracy, and to enforce its rights, as set forth by Congress pursuant to the Copyright Clause, U.S. CONST. art. I, § 8, cl. 8., in Copyright Act of 1976, 17 U.S.C. §§ 101 - 810 (1976), Plaintiff chose to file against multiple defendants at the same time. (*See* Complaint, ECF No. 1). This strategy, of filing against multiple defendants at the same time is arguably the most effective way to prosecute cases against pirates, as Plaintiff and the Court would not need to spend nearly as many

---

[1] While the exact number of infringements of Plaintiff's copyrights on the BitTorrent is unknown, studies shed light on the extent BitTorrent piracy. *See generally*, *An Estimate of Infringing Use of the Internet* (Evisional 2011) (Overall, 99.24% swarms were copyrighted material with the rest of the content unknown (0.75%) or non- copyrighted (0.01%). 35.83% of swarms were pornographic.).

resources as required by prosecuting defendants one at a time.  This type of case has often been approved, including by this Court. See, e.g., *Liberty Media Holdings v. Swarm Sharing Hash File*, 821 F. Supp. 2d 444 (D. Mass. 2011)

However, in the instant case, on October 16, 2012 this Court severed and dismissed all defendants except one, stating:

> For reasons stated in Third Degree Films v. Does 1-47, No. 12-10761-WGY, 2012 WL 4498911 (D. Mass. Oct. 2, 2012), Does 2-80 are severed from the case and dismissed without prejudice, subject to Third Degree filing individual complaints against them within thirty days of this order.

(ECF No. 25).

Plaintiff contends that the obvious interpretation of that Order is that Does 2 - 80 were dismissed from the case without prejudice, with Plaintiff's having a 30-day window to preserve the tolling of the statute of limitations (three years in copyright infringement case–17 USC § 507(b)) in the event that the limitations period might have run out with respect to the case against any potential defendant. In other words, Plaintiff would not suffer "a penalty" of having a claim expire between the original complaint filing date and

the date thirty days after the severance order.[2]

In this case it turns out that Plaintiff is not yet concerned about the statute of limitations, so the relating back effect is not necessary and the 30 day window was of no benefit to Plaintiff. So, Plaintiff did not file new cases within the 30 day window. However, after the expiration of the 30-day window, Attorney for purported Doe Defendant filed a motion ("Motion") requesting two things: (1) dismissal with prejudice and judgment, pursuant to Fed. R. Civ. P. 58(d), and (2) an order to dismiss this action with prejudice, pursuant to Fed. R. Civ. P. 41(b)[3]. According to that attorney

---

[2] Other courts mention the importance of a court's' consideration of statutes of limitations when a court dismisses parties for mis-joinder. Granted, that this Court found joinder to be proper, and used its discretion under Rule 20(b) to sever and dismiss without prejudice defendants; the analysis of misjoinder and severance/dismissal pursuant Rule 20(b) should be the same as they are same in effect. *Ciralsky v. C.I.A.*, 355 F.3d 661, 672, 359 U.S. App. D.C. 366 (D.C.Cir.2004) (When a party is dropped, as with a dismissal without prejudice, "[t]he tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing."); *Nasious v. City & County of Denver*, 415 Fed. Appx. 877, 880-882 (10th Cir. Colo. 2011) (holding that Courts must consider whether the statute of limitations with prejudice claims when dismissing claims and parties for mis-joinder.); *See also Battle v. D.C.*, 2009 U.S. Dist. LEXIS 127375, 5-6 (D.D.C. Apr. 29, 2009) (Court conceding that dropping the plaintiffs' claims could bar adjudication of their claims. Thus, in formulating it's remedy for severance the Court said the judge is required to avoid gratuitous harm to the parties. Therefore, the Court ordered severance of parties "unless, within 30 days of the date of this order, they are refiled as separate actions. Separate filing fees must be paid, but the claims of timely refiled suits will relate back to the date on which this case was filed."); *See also, Graziose v. American Home Prods. Corp.*, 202 F.R.D. 638, 643 (D. Nev. 2001)(claims severed under Rule 20(a) with leave to file a new complaint will relate back to the date of the original complaint); *McClelland v. Azrilyan*, 31 F. Supp. 2d 707, 712 W.D. Mo. 1998)(claims severed under Rule 21 and dismissed without prejudice against severed defendant will relate back provided that the plaintiff files a new case within twenty days and pays the filing fee).)

[3] Though this purported Doe Defendant submits motion in *Third Degree Films v. Does 1 – 80*, No 1:12-cv-10535 (D. Mass.), since there are four cases in front of this Court which are very similar in nature, the Court has asked that if Plaintiff submits opposition, that it may be for all four cases. These cases include: 1:12-cv-10535-WGY, 1:12-cv-10761-WGY, 1:12-cv-10762-WGY, 1:12-cv-10763-WGY. These cases all have the same Plaintiff.

(who is representing a heretofore 'secret' purported Doe defendant), Plaintiff was required to file a separate new case against each and every Doe defendant in the case within 30 days of the severance order or else face the loss of the claim against those Doe defendants not sued (i.e., Plaintiff would actually suffer a shortened statute of limitations) and a judgment (i.e., a dismissal with prejudice).

However, the requests should not be granted, as there is no reason to do so, nor legal authority to do so: (I.) the plain reading of the Order does not this purported defendant's interpretation nor do legal authorities cited in support. In essence, purported Doe extends the Order beyond what the Order plainly says, and wrongly cites cases to support his position; and (II.) the purported Doe defendant has no standing to move for dismissal pursuant 41(b). This purport defendant has not been named as a defendant and is therefore a third-party and not a defendant. This third-party (hereinafter, "Anonymous Smith") also has no standing to move to dismiss Fed. R. Civ. P. 41(b). Accordingly, the Court should deny Anonymous Smith's requests.

## I. THE ORDER DOES NOT CONVERT INTO ONE WITH PREJUDICE AFTER 30 DAYS.

The Order (ECF No. 25), *see supra* at 1, was clear. This Court never said nor hinted that dismissals would convert into dismissal with prejudice. Anonymous Smith's motion, however, erroneously claims that dismissals must be converted into those with prejudice. Anonymous Smith merely states such and provides eight cases in support. But, no cases cited in support actually support Anonymous Smith's position.

If the Court had intended the dismissals to be converted into those with prejudice, this Court would have **explicitly** ordered so, just like the orders in cases Anonymous Smith cited. *See Moore v. Roth*, No. 90 C 1097, 1990 U.S. Dist. LEXIS 4925, at *7 (N.D. Ill.

Apr. 24, 1990)[4]; *Kudjodi v. Wells Fargo Bank*, 181 F. Supp. 2d 1, 3 (D.D.C. 2001)[5]; *FDIC v. Absolute Inv. Group*, No. CV-10-4927-JFW, 2012 U.S. Dist. LEXIS 76556, at *1 (C.D. Cal. June 1, 2012)[6].

In *Moore, Kudjodi*, and *FDIC*, Plaintiffs were **explicitly** informed that their claims would be dismissed with prejudice upon Plaintiffs failure to satisfy a condition. Later, all Plaintiffs in these cases failed to satisfy conditions. The courts accordingly dismissed claims with prejudice. Yet, Anonymous Smith suggests these cases stand for a proposition: when defendants are dismissed without prejudice subject to a condition - regardless of what that condition is and the purpose it is intended to serve, once that condition can no longer be satisfied, a dismissal automatically accrues prejudice. (Motion at 2).But, *Moore, Kudjodi*, and *FDIC* do not stand for that proposition. Anonymous Smith neglects that that the courts **explicitly** state the consequences of failure to satisfy a condition - i.e., that then the dismissal would be with prejudice. If *Moore, Kudjodi*, and *FDIC* stand for a proposition, it might be that when a court order **explicitly** states dismissals accrue prejudice upon failure of a condition, once failure occurs, prejudice accrues. *Note*: In the above-captioned case, there is no mention, nor

---

[4] *Id.* (explicitly stating in its order "the court denies plaintiffs' motions […] without prejudice to reconsideration should plaintiffs submit amended complaints within twenty days. If a plaintiff does not file an amended complaint within twenty days, *this order will ripen into a final judgment dismissing his case with prejudice* […] without further order.") (emphasis added).

[5] *Id.* (explicitly stating in its order "the court dismisses without prejudice the plaintiffs' complaint […] it is FURTHER ORDERED that if the plaintiffs do not file a new complaint within 60 days of the filing of this order, *this order will ripen into a dismissal with prejudice*.") (emphasis added).

[6] *Id.* (explicitly stating in its order "the Court dismisses this action without prejudice subject to Plaintiff […] reopening the action […] Thereafter, *absent further order of the Court, the Clerk is ordered to dismiss this action with prejudice*.") (emphasis added).

hint, that a failure of condition results in dismissal with prejudice.

Similarly, in *Abdullah v. Acands*, the main case used in Anonymous Smith's moving pursuant 41(b), the relevant Order **explicitly** provides: "[t]o the extent that any plaintiff does not refile, that plaintiff's claim is dismissed *with prejudice*." 30 F.3d 264, 268 (1st Cir. Mass. 1994) (emphasis added). The plaintiff in that case did not refile; accordingly, the court dismissed defendants with prejudice. Anonymous Smith wrongly concludes that *Abdullah*, 30 F.3d 264 (1st Cir. 1994), stands for the proposition that there is good reason for an Order of "dismissal under Rule 41(b) where plaintiff failed to refile separate complaints within timeframe allowed by the court." But, again, the *Abdullah* court **explicitly** ordered that dismissals without prejudice were converted into dismissals with prejudice, if a condition imposed by the Court was not satisfied.

Anonymous Smith also contends that the *Abdullah*, 30 F.3d 264 (1st Cir. 1994) case stands for another proposition that Plaintiff has a "manifest disinterest" in litigating this matter "as directed by the Court" and therefore is a "ground for dismissal with prejudice." (Motion at 1). However, it was not a 'manifest disinterest' that gave ground for dismissal with prejudice in *Abdullah*, it was that the *Abdullah* court **explicitly** ordered that the failure to refile a case was a ground for dismissal with prejudice and the failure occurred. 30 F.3d 264 (1st Cir. 1994).

Considering how Anonymous Smith overlooks such important detail of cases, it seems prudent to look at the other five cases Anonymous Smiths cite in support of his position rule 58(d).

Three of the other five cases deal with whether an Order is final, such to invoke jurisdiction of the appeals Court. *See Berke v. Bloch*, 242 F.3d 131, 135 (3d Cir. N.J. 2001); *Chamberlain Group, Inc. v. Skylink Techs., Inc.*, 381 F.3d 1178, 1190 (Fed. Cir.

2004); *McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 426-427 (7th Cir. Ind. 2005).[7]

Anonymous Smith essentially would have this Court believe that either final or appealable orders always equate to dismissals with prejudice. But, there is a big difference between an Order that ends litigation and the other serves as adjudication on the merits.

Continuing in fashion, Anonymous Smith also cites, *Ping Yip v. Hallmark Gift Land*, 2009 U.S. Dist. LEXIS 88713, 6 (D.N.J. Sept. 24, 2009)[8], and does so while not understanding the posture of the case. *Ping* had to do with a conditional dismissal based on imminent settlement within fixed period of time to consummate settlement. The *Ping* court stated that it would consider the settlement consummated, if Plaintiff did not refile claims against Defendants within such period of time. Later, after time period expired, the *Ping* court stated that "it appear[ed] that Plaintiff's claims […] were settled," and accordingly dismissed claims "with prejudice." *Id.* In essence, the Plaintiff indicated that settlement was consummated by not refilling claims, accordingly the court considered the claims dismissed with prejudice. *Ping* does not support Anonymous Smiths position, as the facts different — *Ping* involved settlements. Settlements are typically agreements to dismiss defendants *with prejudice* from a case. And, since a failure of the condition in

---

[7] The courts in the *Berke, Chamberlain, McDonald* were not concerned with whether the failure to satisfy condition resulted in a dismissal with prejudice. They were concerned with whether the failure of the condition, for practical purposes, is a final order, and therefore appealable. Put another way, the courts say that for practical purposes appellate courts may have jurisdiction when a district court orders a dismissal of defendants without prejudice, subject to a condition (such as plaintiffs refiling within X number of days), and plaintiffs fail to satisfy condition.

[8] The facts in *Ping* are significantly similar to the facts in *Berke* as they have similar facts regarding settlements. *Ping Yip v. Hallmark Gift Land*, 2009 U.S. Dist. LEXIS 88713, (D.N.J. Sept. 24, 2009); *Berke v. Bloch*, 242 F.3d 131 (3d Cir. N.J. 2001).

*Ping* meant that there were settlements of claims, defendants were considered dismissed with prejudice. The diligent court in *Ping*, however, recognized that settlements may not have occurred or dismissed defendants without prejudice, and therefore provided Plaintiff a chance to refile claims upon showing of good cause. However, Anonymous Smith would have this Court believe that *Ping* stood for the proposition: failure to satisfy the condition to file claims against defendants within the fixed time period results in a dismissal with prejudice. But, it is not that simple.

Again, Anonymous Smith tries gloss over details of case and make an over generalization, stating that "dismissal has ripened into a dismissal with prejudice and judgment should be entered pursuant to Fed. R. Civ. P. 58(d)" *citing Johnson v. Schoen*, Civ. No. 10-113, 2011 U.S. Dist. LEXIS 7626, at *2-3 (S.D. Ill. Jan. 26, 2011) (collecting cases). However, the Seventh Circuit, where the *Johnson* court sits, developed "two lines of cases" and "are hard to reconcile." *Otis v. City of Chicago*, 29 F.3d 1159, 1164 (7th Cir. Ill. 1994).

> One series of cases emphasizes that the only obstacle to appealing the initial order dismissing the case is that the potential for satisfying the condition renders the dismissal one without prejudice. When the condition is no longer satisfiable, the dismissal becomes one with prejudice, hence final, and thus appealable.

Id.

> Another group of cases, however, emphasizes that until the court has entered a Rule 58 judgment or expressly indicated that none is contemplated–as by using "ripening" language–it is always possible for the court to change its mind, which prevents the dismissal from becoming a final decision

Id.

The holding in *Johnson*, is merely one avenue in which an Illinois district court may walk. *Johnson* is not a case that should be significantly persuasive to a Massachusetts

district court — many courts in the 7th Circuit walk down different avenues than the one in *Johnson*. *See Otis*, 29 F.3d 1159, (7th Cir. Ill. 1994).

Essentially, Anonymous Smith wants to be create a doctrine that does not exist: every time there is a dismissal without prejudice subject to a condition, the failure of the condition would result into a dismissal with prejudice.

As pointed out above, this Court did NOT order that the severed defendants would be dismissed with prejudice, and the sensible reading of the Court's order is that Plaintiff would have a 30 day opportunity to avoid any statute of limitations problems that may have arose because of the dismissals coming after the case had been pending for over five (5) months.

## II. ANONYMOUS SMITH HAS NO STANDING TO MOVE FOR A DISMISSAL WITH PREJUDICE

To move pursuant Rule 41(b), the moving party must be a defendant. Fed. R. Civ. P. 41 (b). Rule 41(b) states, in it's relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a *defendant* may move to dismiss the action or any claim against it." *Id.* (emphasis added).

Yet, the party that submitted the motion has not been named as a defendant in the above-captioned case. (*See* Complaint, ECF No 1., at ¶7 ("On information and belief […] information obtained in discovery […] true names and addresses and will permit Plaintiff to amend this Complaint to state the same.")). Plaintiff has never amended Complaint, nor named this purported defendant as a defendant. Accordingly, this party has no standing to move pursuant Rule 41(b).

Further, all does except Doe 1 have already been dismissed without prejudice. Doe 41, just like Does 2 – 80, is dismissed from the case. Courts and commentators have

interpreted a dismissal without prejudice under Rule 41(b), like a dismissal without prejudice under Rule 41(a), to "leave [] the situation as if the action never had been filed." *See* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2373 n.8 (2d ed.1995) (noting that "[d]ismissal without prejudice [under Rule 41(b)] leaves the situation as if the suit never had been brought." (*citing Bomer v. Ribicoff*, 304 F.2d 427 (6th Cir. 1962)))[9]

Assuming that Anonymous Smith has standing to move for a dismissal pursuant 41(b), Anonymous Smith still cannot support the position that case be dismissed with prejudice pursuant 41(b). Anonymous Smith acknowledges that dismissals in such regard "should be employed as a sanction only when a plaintiff's misconduct is extreme." (Motion at 2 *citing Murphy v. Maine*, No. 06-98, 2007 U.S. Dist. LEXIS 64468, at *13 (D.R.I. Aug. 1, 2007)). But, Anonymous Smith goes too far, however, in suggesting plaintiff's actions have constituted extreme misconduct. *Taffanelli-Figueroa v. Fajardo-Velez*, 483 F.3d 24, 26 (1st Cir. 2007) ("[W]e have … warned that dismissal with prejudice is a particularly harsh sanction, which should be imposed only in extreme circumstances."); *cf. Bachier-Ortiz v. Colon-Mendoza*, 331 F.3d 193, 195 (1st Cir. 2003)

---

[9] *See also* 8-41 Moore's Federal Practice – Civil § 41.50 ("When the district court elects to dismiss an action without prejudice under Rule 41(b), the dismissal leaves the parties in the same legal position as if no suit had been filed."); *Hilbun v. Goldberg*, 823 F.2d 881, 883 (5th Cir. 1987), cert. denied, 485 U.S. 962, 108 S. Ct. 1228, 99 L. Ed. 2d 427 (1988) ("A federal court that dismisses without prejudice a suit arising from a federal statutory cause of action has not adjudicated the suit on its merits, and leaves the parties in the same legal position as if no suit had ever been filed."). *See also, Navellier v. Sletten*, 262 F.3d 923, 938 (9th Cir. 2001), *cert. denied sub nom McLachlan v. Simon*, 536 U.S. 941, 122 S. Ct. 2623, 153 L. Ed. 2d 806 (2002) ("A dismissal without prejudice pursuant to Rule 41(a)(2) leaves the parties where they would have stood had the lawsuit never been brought." (*quoting In re Corey*, 892 F.2d 829, 835 (9th Cir. 1989), *cert. denied*, 498 U.S. 815, 111 S. Ct. 56, 112 L. Ed. 2d 31 (1990))).

(noting that in general "the sanction of dismissal for lack of prosecution is appropriate only when plaintiff's misconduct is serious, repeated, contumacious, extreme, or otherwise inexcusable"). Plaintiff choosing not to file against defendants is not extreme misconduct.[10]

Anonymous Smith characterizes Plaintiff as a litigant who abuses the legal system, constituting extreme misconduct. Anonymous Smith mainly points to the number of suits that Plaintiff has filed and also to failed legal theories made by the Plaintiff, *e.g.* asserting jurisdiction over defendants where-upon Court later decides there is a lack of jurisdiction. But, failed legal theories and dismissal of claims are common in the legal system – and, have not constituted extreme misconduct. And, the amount of suits Plaintiff has filed pales in comparison with the actual amount of piracy of Plaintiff's works. The actual number is of infringements is not known, but the amount of piracy occurring on the BitTorrent network, generally, is growing and contributing to large potential losses of copyrighted material.[11] Anonymous Smith plays the victim, but is, many times, nothing more than a massive pirate who enjoys watching pornography – with the victim being the Plaintiff. The amount of lawsuits compared to the amount of piracy indicates Plaintiff has potential to bring more lawsuits than actually filed. All in all, Plaintiff is trying to enforce his rights, and it's conduct is not extreme.

Even if Anonymous Smith is correct that a dismissal is warranted, Anonymous

---

[10] Plaintiff has many reasons to not refile right away. Such reasons include the degradation of data from Internet Service Providers, as retention of important data to prove infringements lessens everyday. Also, Plaintiff has time within the statutes of limitations to file suits against Does in this case, and does not need to do so now to enforce Plaintiff's rights.

[11] *Note*: The Court can safely assume that the daily amount of infringements on BitTorrent is about many-fold the amount of Does (9,200) which Anonymous Smith estimates (Motion at p. 5) have been filed against by Plaintiff. *See also*, *supra* fn. 1.

Smith provided no support as to why a dismissal should be one with prejudice versus one without prejudice. *See* Fed. R. Civ. P. 41(b) ("*Unless the dismissal order states otherwise*, a dismissal under this subdivision (b) and any dismissal not under this rule … operates as an adjudication on the merits.") (emphasis). The phrase "unless the dismissal order states otherwise" suggests that this Court can state otherwise and thus state that the dismissal one that does not operate as an adjudication on the merits. *See id.*

This Court has already severed all the defendants in this case except for one, in its efforts to protect against potential harms and satisfy concerns.[12] Going the next step, and dismissing with prejudice Does 2 - 80, or even just for Anonymous Smith (or, Doe 41), is not only unnecessary, it is unfair. Dismissing with prejudice will preclude Plaintiff from enforcing its copyrights. And, Plaintiff would further suffer a penalty of sorts, as Plaintiff will have to respond to floods of motions from purported defendants.

Further, the manner in which Plaintiff pursued litigation in this case, was heavily influenced by the Opinion from this Court, in *Liberty Media Holdings v. Swarm Sharing Hash File*, 821 F. Supp. 2d 444 (D. Mass. 2011). At that time, the Court did not indicate its disdain with this type of litigation. So, Plaintiff proceeded to file cases in a similar

---

[12] *See Third Degree Films v. Does 1-47*, No. 12-cv-10761, 2012 U.S. Dist. LEXIS 142079 at *33 (D. Mass. Oct. 2, 2012) ("the most appropriate method to protect against any potential coercion is to sever the Doe defendants and require them to be sued individually").

> [A]fter a careful weighing of the balance of potential injustices in this case and like cases, the Court determines that any ... cost benefits to Third Degree from joining the Doe defendants in a single action are substantially outweighed by the fairness concerns and inefficiencies at trial, the potential prejudice from what seems to be a developing pattern of extortionate settlement demands, and the evasion of thousands of dollars of filing fees.

*Id*. at *26.

manner to *Liberty Media*. However, this Court recently reversed its feelings regarding these cases. *See Third Degree Films v. Doe*, 2012 U.S. Dist. LEXIS 142079, at *15-16, (D. Mass. Oct. 2, 2012). (explaining that "[s]ince [this Court's] decision was issued in *Liberty Media*, this Court has entertained a profusion of filings in the mass copyright infringement cases on its docket. Upon further reflection and a deeper understanding of the policy concerns at play, the Court now revisits and amends its holding in Liberty Media.").

Lastly, in what seems to be every case that Anonymous Smith cites, the lack of prosecution was a result of numerous unexcused delays, and in many cases the plaintiff was warned that case would be dismissed if Plaintiff continued with it's misconduct.[13] Furthermore, the law is "well established" in the 1st circuit that where a litigant has manifested a disregard for orders of the court, litigant will be "suitably forewarned of the consequences of continued intransigence … before resorting to dismissal." *HMG Property Investors, Inc. v. Parque Industrial Rio Canas, Inc.*, 847 F.2d 908, 918 (1st Cir.

---

[13] *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). (around two years of unexcused delays by Plaintiff); *John's Insulation v. L. Addison & Assocs.*, 156 F.3d 101, 103 (1st Cir. 1998) (citing Link) (years of unexcused delays where plaintiff has conducted itself an "antagonistic and unprofessional manner toward the Court and toward the defendant"); *Zavala Santiago v. Gonzalez Rivera*, 553 F. 2d 710, 712 (1st Cir. 1977) (citing Link) (numerous unexcused delays and numerous violations of scheduling orders); *Murphy v. Maine*, No. 06-98, 2007 U.S. Dist. LEXIS 64468, at *13 (D.R.I. Aug. 1, 2007) (pro se defendant was repeatedly warned that not complying with Court Orders will subject case to dismissal); *Melendez v. SAP Andino y del Caribe, C.A.*, 518 F. Supp. 2d 344, 364 (D.P.R. 2007) (plaintiff apprised on numerous occasions that his lack of diligence, his failure to comply with the orders of the court, and his challenged attitude in not making himself available for depositions, were to be subject of sanctions, including dismissal.); *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 647 (1st Cir. 1990) (noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal).

1988). Yet, in the above-captioned case, there was no warning that Plaintiff actions constituted intransigence or misconduct. In fact, it was the opposite. Plaintiff had the 'green-light' to litigate BitTorrent cases using permissive joinder. *See, Liberty Media*. If anything, severance is enough to thwart concerns of the court. Dismissing defendants with prejudice because Plaintiff chose not to file against dozens of defendants within 30-days, goes too far as to be punitive to the Plaintiff for committed actions this Court signaled was okay to do.

## CONCLUSION

Ultimately what this Court must decide is not what has happened in other courts around the country, it is whether an Order can be extended beyond its words.

*Dated*: January 2, 2013

Respectfully submitted,

Marvin Cable, BBO#: 680968
Law Offices of Marvin Cable
P.O. Box 1630
Northampton, MA 01061
E: law@marvincable.com
P: (413) 268-6500
F: (888) 691-9850

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2013, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

Marvin Cable, Esq.